

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

DIANA MEY, on behalf of herself
and a class of all persons and
entities similarly situated,

        Plaintiff,

v.                                                Case No. **5:08-CV-156**

ONE STOP MOTORS, INC.,
incorrectly denominated as
One Stop Motors, a Nevada
corporation

        Defendant.

## NOTICE OF REMOVAL

Defendant, One Stop Motors, Inc. ("OSM"), incorrectly denominated in the caption as One Stop Motors, through undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Ohio County, West Virginia, to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453 and respectfully files this Notice of Removal and states:

1.  This action involves allegations regarding alleged violations of a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff seeks injunctive and monetary relief on behalf of herself and a nationwide class.  In addition to statutory

damages under the TPCA on behalf of herself and the putative class (see Complaint, Prayer for Relief, ¶ 4), she also seeks – again on behalf of herself and the members of the class – double or treble damages, along with attorneys' fees, under what is apparently a state statute, "M.G.L. c. 93A." (See Complaint, Prayer for Relief, ¶ 5).

2.    On or about September 11, 2008, plaintiff commenced this putative class action against OSM by filing a Complaint in the Circuit Court of Ohio County, West Virginia, bearing Civil Action No. 08-C-363.    Plaintiff purports to assert claims against OSM for alleged violations of the TCPA and the FCC's promulgating regulations.    (Complaint ¶ 31).    Plaintiff further alleges that OSM violated the privacy rights of class members. (Complaint ¶ 32).

3.    Plaintiff seeks certification of this action as a nationwide class action.    (Complaint ¶ 18).

4.    As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because OSM has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5.    In addition, as more fully set out below, this case is also removable because plaintiff seeks relief under

a federal statute, authorizing removal because this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6.    In    making    this    notice    of    removal,    OSM specifically makes jurisdictional allegations in accordance with the decision of the United States Court of Appeals for the Fourth Circuit in *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) ("just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332,' *see* Fed. R. Civ. P. 84; Fed. R. Civ. P. app. Form 2(a), so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner").   OSM specifically denies that it violated any federal statute; that plaintiff is entitled to the relief sought; or that class treatment is proper.

**I.    OSM    HAS    SATISFIED    THE    PROCEDURAL REQUIREMENTS FOR REMOVAL**

7.    This Notice of Removal is timely because it is filed within 30 days of the time of purported service upon OSM.

8.   The United States District Court for the Northern District of West Virginia embraces the county in which the state court action is now pending.   Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 1441(a).

9.   Pursuant to 28 U.S.C. § 1446(d), defendant OSM is filing written notice of this removal with the Clerk of the state court in which the action is currently pending.

10.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant, which papers include the summons and complaint, is attached as Exhibit A.

11.   Copies of this Notice of Removal are being served upon plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

II.   **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331, 1332 AND 1441.**

A.   **This case is subject to removal pursuant to the Class Action Fairness Act of 2005.   Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").**

12.   As set forth below, this is a putative class action in which, according to the allegations of the complaint, there are:   (1) 100 or more members in the plaintiffs' proposed class; (2) at least some members of the proposed class who have a different citizenship from

the defendant; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate. Thus, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

13. In filing this notice of removal, defendant OSM reserves all rights to challenge the propriety of certification under the applicable rules. OSM waives no defense to the allegations of the complaint or to class certification in making this removal.

**1.   Class Action Consisting Of More Than 100 Members**

14. In her complaint, plaintiff seeks to represent herself and "all persons and entities similarly situated." (Complaint ¶ 1, 18).

15. In essence, plaintiff alleges defendant placed "pre-recorded phone calls" to her and to "many other consumers throughout the United States" which she contends violated the TCPA and the privacy rights of class members. (Complaint ¶ 10, 11, 31, and 32).

16. Plaintiff further alleges OSM "is suspected to have engaged in widespread advertising via unsolicited facsimile transmission in violation of the TPCA." (Complaint ¶ 15).

17. Although plaintiff does not purport to define the number of putative class members she seeks to represent,

she seeks to represent a nationwide class.   (Complaint ¶ 9, 14, 16, and 18).

18.   Plaintiff also alleges that defendant's conduct towards the putative class was "repeated and widespread." (Complaint ¶ 1).   She further alleges that defendant violated the TCPA in making unsolicited pre-recorded telephone calls to "many other consumers throughout the United States."   (Complaint ¶ 11).

19.   Plaintiff purports to represent a class extending back four years from the filing of the Complaint. (Complaint ¶ 18).

20.   Plaintiff alleges that the number of putative class members are "sufficient in number that joinder of all class members is impracticable."   (Complaint ¶ 20).

21.   Based on these and other allegations, the aggregate number of class members of the putative class is greater than 100 for purposes of 28 U.S.C. 1332(d)(5)(B).

### 2.   Diversity of Citizenship

22.   Plaintiff alleges she is a citizen of Ohio County, West Virginia. (Complaint ¶ 2).   Plaintiff lists no alternative state of residence.   Accordingly, upon information and belief, West Virginia is the state in which plaintiff is domiciled and, therefore, the state of she is a citizen.   *See* 28 U.S.C. § 1332(a).

23.   In addition, plaintiff seeks to represent a "nationwide" class. (Complaint ¶ 9). She purports to seek recover on behalf of class members throughout the United States.   (Complaint ¶ 18).   This necessarily includes citizens of states other than Nevada.

24.   OSM is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the State of Nevada with its principal place of business in Nevada, and therefore, is a citizen of Nevada for purposes of determining diversity.   28 U.S.C. § 1332(c)(1).

25.   Accordingly, at least one proposed class member and the defendant are diverse.

### 3.   The Amount-In-Controversy Requirement Is Satisfied.

26.   Plaintiff in this action seeks recovery for four years of alleged violations of the TCPA by defendant OSM on behalf of a nationwide class.   She alleges OSM's violations were "repeated and widespread."   (Complaint ¶ 1).   She alleges that "many other consumers throughout the United States" were affected by OSM's alleged course of conduct. (Complaint ¶ 11).   She alleges OSM "is suspected to have engaged in widespread advertising via unsolicited facsimile transmission in violation of the TCPA."   (Complaint ¶ 15). She further alleges OSM "is suspected to have engaged in

telemarketing via pre-recorded phone call to residential homes throughout the United States," which she alleges violated the TCPA and the class members' privacy rights. (Complaint ¶ 16, 31, and 32).

27. Plaintiff alleges that the "TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TPCA." (Complaint ¶ 33).

28. Plaintiff seeks a wide variety of damages in connection with her complaint including both damages and injunctive relief:

## PRAYER FOR RELIEF

WHEREFORE, on behalf of itself (sic) and the other members of the class, the Plaintiff prays for the following relief:

1. That [OSM] immediately be restrained from engaging in future telemarketing in violation of the TCPA.

2. That [OSM], its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify the members of the class.

3. That this Court certify the claims of the named Plaintiffs and all other persons similarly situated as class action claims as provided by Rule 23 of the West Virginia Rules of Civil Procedure.

4. That the named Plaintiff and the other members of the class action so certified by awarded $500 for each negligent violation of the TPCA by [OSM].

5.    That the named Plaintiff and the other members of the class certified be awarded double or treble damages, together with attorneys' fees as provided for by M.G.L. c. 93A.

6.    That the Court enter an appropriate order enjoining [OSM], its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom defendants have transmitted unsolicited pre-recorded phone advertisements.

7.    That the named Plaintiff and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

(Complaint, Prayer for Relief).

29.   The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.   *See* 28 U.S.C. 1332(d)(6).   Under this standard, plaintiff's claim meets the jurisdictional threshold.

30.   First, plaintiff seeks statutory damages on behalf of herself and the members of the putative nationwide class in "a minimum of $500" for each alleged violation of the TPCA over the four-year class period. (Complaint ¶ 18, 33; Prayer for Relief ¶ 4).   If Plaintiff contends the putative class consists of 10,000 or more members, that contention alone demonstrates the amount in

9

controversy    exceeds    the    jurisdictional    threshold. Alternatively, defendant alleges the plaintiff contends the putative class exceeds 10,000 or more members.

31.   Second,  plaintiff  purports  to  seek  "double  or treble  damages,"  along  with  attorneys'  fees.   Where  a Plaintiff  in  TCPA  class  action  seeks  to  multiply  the statutory damages, the Court is permitted to consider that request  in  determining  the  amount  in  controversy.   *See, Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318 (5th Cir. La. 2008)  (where  complaint  held  open  the  possibility  of  treble damages,  alleged  class  of  4,000  members  was  sufficient  to meet CAFA's amount in controversy requirements).   Thus, if Plaintiff contends the putative class consists of 3,334 or more members, that contention alone demonstrates the amount in    controversy    exceeds    the    jurisdictional    threshold. Alternatively defendant alleges the plaintiff contends the putative class on whose behalf treble damages are sought exceeds 3,334 members.

32.   Third,   plaintiff   seeks   various   forms   of injunctive relief.   As CAFA's legislative history makes clear,  the  value  of  any  injunctive  relief  sought  by  the plaintiff  is  calculated  from  the  perspective  of  the plaintiff **or the defendant**.   *See, e.g.,* S. REP. 109-14, at 42 (2005) ("the Committee intends that a matter be subject

10

to federal jurisdiction under [28 U.S.C. 1332(d)(6)] if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)"). Moreover, as CAFA explicitly requires the aggregation of claims in class actions for determining the amount in controversy, 28 U.S.C. 1332(d)(6), the pre-CAFA concern "that assessing the amount in controversy from the defendant's perspective was tantamount to aggregating damages" is no longer relevant. *Id.* at 43. In light of the size of the putative class and the nature of the injunctive relief sought, the jurisdiction threshold for removal under CAFA is met on that basis as well.

33. Alternatively, defendant alleges plaintiff seeks relief on behalf of the putative class that, in the aggregate, exceeds $5,000,000, exclusive of interest and costs.

34. CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.,* S. REP. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class

actions.   Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

**B.    Removal Is Proper Because This Court Has Jurisdiction Under 28 U.S.C. § 1331**

35.   Plaintiff seeks relief on behalf of herself and a putative nationwide class under the TPCA, 47 U.S.C. § 227.

36.   OSM recognizes that the United States Court of Appeals for the Fourth Circuit years ago reached the "somewhat unusual conclusion" that 47 U.S.C. § 227(b)(3), which creates a private right of action for certain alleged violations of the TPCA, does not permit removal under 28 U.S.C. § 1331. *International Science & Tech. Inst. v. Inacom Communs.*, 106 F.3d 1146, 1150 (4th Cir. 1997).

37.   Nonetheless, subsequent United States Supreme Court authority calls that conclusion into question.   *See,*

12

*Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). There, the United States Court of Appeals for the Seventh Circuit held that two subsequent Supreme Court decisions, *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) and *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), were irreconcilable with *International Science and Technology Institute, Inc.* and other similar cases. According to the Court in *Brill*:

> *Grable* "resolved a conflict in the Supreme Court's own decisions by holding that federal jurisdiction does not depend on the existence of a private right of action under federal law. And *Breuer* held that statutory permission to litigate a federal claim in state court does not foreclose removal under the federal-question jurisdiction.

*Brill*, 427 F.3d at 450. Because Plaintiff here seeks relief both individually and on behalf of a nationwide class under a federal statute, removal under 28 U.S.C. § 1331 is proper.

WHEREFORE, Defendant OSM respectfully removes this action from the Circuit Court of Ohio County, West Virginia, to this Court.

ONE STOP MOTORS, INC.,
(incorrectly denominated in
the caption as One Stop
Motors)

BY: _____
Of Counsel

13

JEFFREY A. HOLMSTRAND (#4893)
McDermott & Bonenberger, PLLC
53 Washington Avenue
Wheeling, West Virginia 26003
(304) 242-3220

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

DIANA MEY, on behalf of herself
and a class of all persons and
entities similarly situated,

       Plaintiff,

v.                         Case No. _____

ONE STOP MOTORS, INC.,
incorrectly denominated as
One Stop Motors, a Nevada
corporation

       Defendant.

## CERTIFICATE OF SERVICE

Service of the foregoing NOTICE OF REMOVAL was had upon the following by mailing a true and correct copy thereof by United States mail, postage prepaid, this **14ᵗʰ day of October, 2008**:

> John W. Barrett
> Jonathan R. Marshall
> Bailey & Glasser, LLP
> 227 Capitol Street
> Charleston, WV  25301
>
> Edward A. Broderick
> The Law Offices of Edward A. Broderick
> 727 Atlantic Avenue, Second Floor
> Boston, MA  02111
>
> Gary Klein
> Roddy Klein & ryan
> 727 Atlantic Avenue, Second Floor
> Boston, MA  02111

Matthew P. McCue
The Law Office of Matthew P. McCue
179 Union Avenue
Framingham, MA   01790

ONE STOP MOTORS, INC.
(incorrectly denominated in
the   caption as One Stop
Motors)

By: _____
Its Counsel

Jeffrey A. Holmstrand (#4893)
McDERMOTT & BONENBERGER, P.L.L.C.
53 Washington Avenue
Wheeling, WV   26003
(304) 242-3220

16