```
              CASE 08-C-363              OHIO

DIANA MEY                        vs. ONE STOP MOTORS


LINE   DATE    ACTION

  1  09/11/08   CASE FILED,MEMO,SUMMONS ID 9/11/08 BY SOS THROUGH ATTY
```

**CERTIFIED TO BE A TRUE AND EXACT COPY OF THE ORIGINAL.**



EXHIBIT A

CERTIFIED TO BE A TRUE AND EXACT COPY OF THE ORIGINAL.

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

2008 SEP 11 PM 1 21

BRENDA L. MILLER

DIANA MEY, on behalf of
herself and a class of all
persons and entities similarly situated,

    Plaintiff,

vs.                          CIVIL ACTION NO. 08-C-363 G7

ONE STOP MOTORS,
a Nevada corporation,

    Defendant.

## COMPLAINT

1. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. § 227, Congressional Statement of Findings #5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via pre-recorded message ("Pre-Records"). See 47 U.S.C. § 227. Plaintiff, Diana Mey ("Plaintiff"), on behalf of herself and all persons and entities similarly situated, files this complaint against defendant One Stop Motors.Com, Inc. ("One Stop"), for what is suspected to be its repeated and widespread violation of telemarketing law.

## THE PARTIES

2. Diane Mey is a citizen of Wheeling, West Virginia.

3. One Stop is a Nevada corporation with a principal place of business at 2950 South Rancho, Suite 200, Las Vegas, Nevada 89102.

265630

4. At all relevant times, One Stop transacted business in West Virginia, solicited business in West Virginia, engaged in a persistent course of conduct in West Virginia, or has derived substantial revenue from services rendered in West Virginia.

## THE LEGAL BASIS OF THE CLASS CLAIMS

5. This class action arises from the repeated violation by One Stop of federal law prohibiting privacy violations via invasive telemarketing practices.

6. The claims of Plaintiff, and the class of persons she seeks to represent, arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), a statute enacted by Congress in 1991 prohibiting unreasonable invasions of privacy via certain telemarketing practices.

7. The TCPA prohibits the use of telemarketing via the use of pre-recorded message. 42 U.S.C. §227.

8. The TCPA, 42 U.S.C. §227(b)(3) provides a private right of action in state court, as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

9. Ms. Mey brings this action individually and as the representative of all members of a class, nationwide, pursuant to Rule 23 of the West Virginia Rules of Civil Procedure.

265630                                    2

## FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF

10.  On May 15, 2008 a pre-recorded phone call was transmitted to Plaintiff's residential phone number. The purpose of the call was to advertise the sale of One Stop's good or services.

11.  Upon information and belief, identical pre-recorded calls were placed to the residential phone numbers of many other consumers throughout the United States.

12.  The Plaintiff did not give prior express consent to One Stop to contact her via pre-recorded call.

13.  One Stop did not have any prior business relationship with Plaintiff.

## CLASS ALLEGATIONS

14.  The Plaintiff brings this action pursuant to Rule 23 of the West Virginia Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

15.  Upon information and belief, pursuant to a uniform policy and procedure, One Stop is suspected to have engaged in widespread advertising via unsolicited facsimile transmission in violation of the TCPA.

16.  Upon information and belief, over, pursuant to a uniform policy and procedure, One Stop is suspected to have engaged in telemarketing via pre-recorded phone call to residential homes throughout the United States.

17.  Upon information and belief, pursuant to a uniform policy and procedure, One Stop did not obtain consent prior to contacting consumers at their homes via pre-recorded call.

18. The class of persons represented by Plaintiff is composed of all persons or entities within the United States, with no prior business relationship with One Stop, to whom One Stop initiated or caused to be initiated, unsolicited pre-recorded phone messages promoting One Stop's goods or services, at any time within four years prior to the filing of the instant Complaint.

19. The class as defined above is identifiable by records and databases in the possession of One Stop and its agents.

20. On information and belief, the potential class members are sufficient in number that joinder of all class members is impracticable.

21. Plaintiff is a member of the class.

22. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Defendant violated the TCPA, FCC promulgating regulations, by engaging in illegal telemarketing.

    b. Whether the pre-recorded calls initiated by One Stop constitute unsolicited advertisements;

    c. Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of One Stop's actions.

23. Plaintiff's claims are typical of the claims of the class.

24. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, and she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions.

25. The actions of One Stop are generally applicable to the class as a whole and to the Plaintiff.

26. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by One Stop and/or its agents.

27. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

28. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

29. Plaintiff is capable of and is willing to represent the other members of the class.

## COUNT I: NEGLIGENT VIOLATION OF THE TCPA

30. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

31. One Stop, or its agents, negligently caused unsolicited pre-recorded phone solicitations to be sent to Plaintiff's residential home phone number, and to the residential phone numbers of other members of the class, in violation of the TCPA and the FCC's promulgating regulations.

32. By causing unsolicited pre-recorded phone advertisements to be sent to the class, ONE STOP violated the privacy rights of class members.

33. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of itself and the other members of the class, the Plaintiff prays for the following relief:

1. That One Stop immediately be restrained from engaging in future telemarketing in violation of the TCPA.

2. That One Stop, its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify the members of the class.

3. That this Court certify the claims of the named Plaintiffs and all other persons similarly situated as class action claims as provided by Rule 23 of the West Virginia Rules of Civil Procedure.

4. That the named Plaintiff and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by One Stop.

5. That the named Plaintiff and the other members of the class certified be awarded double or treble damages, together with attorneys' fees as provided for by M.G.L. c. 93A.

6. That the Court enter an appropriate order enjoining ONE STOP, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons,

corporations, or other entities to whom defendants have transmitted unsolicited pre-recorded phone advertisements.

7. That the named Plaintiff and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

**THE CLASS PLAINTIFF REQUESTS A JURY TRIAL
AS TO ALL CLAIMS OF THE COMPLAINT SO TRIABLE**

**DIANA MEY**
PLAINTIFF
By her attorneys,

_____
John W. Barrett, Esq. (WVSB #7289)
Jonathan R. Marshall (WV Bar ID # 10580)
Bailey & Glasser, LLP
227 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

Edward A. Broderick, Esq.
The Law Office of Edward A. Broderick
727 Atlantic Avenue, Second Floor
Boston, MA 02111
(617) 738-7080
(617) 314-7783 *facsimile*

Gary Klein, Esq
Roddy Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA 02111
(617) 357-5500, x. 15
(617) 357-5030 *facsimile*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
179 Union Avenue
Framingham, MA 01790
(508) 620-1166
(508) 820-3311 *facsimile*

# MEMORANDUM TO CLERK
# FOR INSTITUTING CIVIL ACTION

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

I.     CASE STYLE:

Plaintiff

Civil Action No. 08-C-363 G7

**DIANA MEY, on behalf of
herself and a class of all
persons and entities similarly situated**

v.

| Defendant | Days to Answer | Type of Service |
|---|---|---|
| **One Stop Motors**<br>**Agent: Rob Wilder**<br>**2950 South Rancho, Suite 200**<br>**Las Vegas, NV 89102** | 30 | Sec. of State |

Please issue summons in the above-styled action as indicated.
Original and 2 copies of complaint furnished herewith.

265632

| PLAINTIFF: | DIANA MEY, on behalf of herself and a class of all persons and entities similarly situated | Case Number: |
|---|---|---|
| DEFENDANTS: | One Stop Motors | |

II.  TYPE OF CASE:

| TORTS | | OTHER CIVIL |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magis. Ct. |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☒ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| ☐ Other Tort | ☐ Appeal of Administrative Agency | |

III.  JURY DEMAND:    ☒ Yes    ☐ No

CASE WILL BE READY FOR TRIAL BY (Month/Year): October 2009

IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?    ☒ Yes    ☐ No
IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☒ **Other:  Real time transcription by court reporter**

*Attorney Name:* **John W. Barrett, Esq.**   *Representing:*
*Firm:* **Bailey & Glasser, LLP**           ☒ *Plaintiffs*        ☐ *Defendant*
*Address:* **227 Capitol Street**            ☐ *Cross-Complainant* ☐ *Cross-Defendant*
**Charleston, WV 25301**
*Telephone:* **304/345-6555**                *Dated:*  September 9, 2008

*Signature*

265632

# SUMMONS

### IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

**DIANA MEY, on behalf of
herself and a class of all
persons and entities similarly situated,**

      **Plaintiff,**

**SUMMONS**

v.

CIVIL ACTION NO. 08-C-363

**One Stop Motors
Agent: Rob Wilder
2950 South Rancho, Suite 200
Las Vegas, NV  89102,**

      **Defendant.**

**To the above named Defendant(s):**

    **IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon Plaintiff's attorneys:

| | |
|---|---|
| John W. Barrett, Esq.<br>Jonathan R. Marshall, Esq.<br>Bailey & Glasser, LLP<br>227 Capitol Street<br>Charleston, West Virginia 25301 | Gary Klein, Esq<br>Roddy Klein & Ryan<br>727 Atlantic Ave., 2nd Floor<br>Boston, MA 02111 |
| Edward A. Broderick, Esq.<br>The Law Office of Edward A. Broderick<br>727 Atlantic Avenue, Second Floor<br>Boston, MA  02111 | Matthew P. McCue, Esq.<br>The Law Office of Matthew P. McCue<br>179 Union Avenue<br>Framingham, MA 01790 |

an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within **30 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have asserted by counterclaim in the above-styled civil action.

Dated: September 11, 2008

Brenda L. Miller
_____
Clerk of Court



265632

## BAILEY & GLASSER LLP

2008 SEP 11 AM 11 11
BRENDA L. MILLER

Lawyers
Internet www.baileyglasser.com
Phone (304) 345-6555   Fax (304) 342-1110

227 Capitol Street
Charleston WV 25301

September 9, 2008

Brenda L. Miller, Clerk
Circuit Court of Ohio County
4th Floor, City County Bldg.
1500 Chapline Street
Wheeling, West Virginia 26003

   Re:   Diana Mey v. One Stop Motors
         Civil Action No. 08-C-_____

Dear Ms. Miller:

   Please find enclosed Plaintiff's **Complaint** for filing in the above-referenced matter. At your earliest convenience, please file the complaint, execute the summonses, and return them to me in the enclosed envelope (including the extra copies of the complaint).

   When I receive the complaint from you, I will forward it to the Secretary of State for service upon the Defendant.

   Thank you for your assistance in this matter.

                              Very truly yours,

                              Tina L. Totten King
                              Paralegal

TLTK/s
Enclosures
cc:   Edward A. Broderick, Esq.
      Gary Klein, Esq
      Matthew P. McCue, Esq.

265634